IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


MURAD RAZZAQ,

                              Plaintiff,

          v.                                    CASE NO. 16-3214-SAC-DJW

J. BURTON, et al.,

                              Defendants.


MEMORANDUM AND ORDER

     This matter is a civil rights action filed under 42 U.S.C. § 1983 by a prisoner in state custody.

     Plaintiff's complaint alleges that a correctional officer harassed him by making statements to him on two occasions. On the first occasion, he alleges that the defendant observed him in the shower and said "don't drop the soap" (Doc. #1, Attach. p. 3). On the second, during his rounds, the correctional officer looked into plaintiff's cell and stated "what are you doing, reenacting *Naked and Afraid*?"[1] *Id*. Plaintiff seeks damages for emotional distress and mental anguish.

     On November 16, 2016, U.S. Magistrate Judge Waxse assessed an initial partial filing fee and directed plaintiff to show cause why this matter should not be dismissed for failure to state a claim for relief. The Court granted plaintiff an extension of time, and plaintiff has submitted the initial partial filing fee, a motion to amend the complaint (Doc. #12), two responses (Docs. #8 and #13), and a motion for an order directing an examination by outside mental health professsionals (Doc. #9). The Court has considered all of these

---

[1] *Naked and Afraid* is the title of a reality television series that places contestants in a wilderness environment without clothing or supplies.

pleadings in making the ruling set out in this order.

The pleadings identify two episodes of verbal taunts. While plaintiff found this behavior offensive, such conduct, however derogatory, does not violate his constitutional rights. *See Northington v. Jackson*, 973 F.2d 1518, 1524 (10th Cir. 1992)("necessarily excluded from the cruel and unusual punishment inquiry" are "verbal threats and harassment") and *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979)(per curiam)(threats to hang a detainee did not state a claim under Section 1983). The conduct described by plaintiff and attributed to defendant Burton therefore does not state a claim for relief. Likewise, as Judge Waxse explained, plaintiff's claim of mental anguish is insufficient to state a claim for relief. Enacted as part of the Prison Litigation Reform Act, 42 U.S.C. § 1997e(e) bars a federal civil action by a confined person alleging mental or emotional injury without a prior showing of a physical injury or the commission of a sexual act. Plaintiff has failed to meet that threshold.

Plaintiff makes no objection to the analysis concerning the remaining defendants, and the Court adopts the reasoning set out in the order entered by Judge Waxse.

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed for failure to state a claim for relief.

IT IS FURTHER ORDERED plaintiff's motion for examination by outside mental health professionals (Doc. #9) is denied.

IT IS FURTHER ORDERED plaintiff's motion to amend (Doc. #12) is denied as futile.

**IT IS SO ORDERED**.

DATED:  This 3rd day of March, 2017, at Topeka, Kansas.


S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge