# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**MURAD RAZZAQ,**

                **Plaintiff,**

       v.                                    CASE NO. 16-3214-SAC-DJW

**BURTON, et al.,**

                **Defendants.**

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for reconsideration (Doc. #16). Plaintiff seeks relief from the Court's Memorandum and Order of March 3, 2017, dismissing this matter for failure to state a claim for relief.

The Court liberally construes the motion for reconsideration as a motion to alter or amend judgment filed under Rule 59(e) of the Federal Rules of Civil Procedure. Relief under Rule 59(e) is available only in limited circumstances, namely, where the movant shows: "(1) an intervening change in the controlling law, (2) new evidence [that] previously [was] unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

Here, plaintiff claims the Court erred in holding that verbal abuse directed at him by a corrections office was insufficient to state a claim for relief. Plaintiff relies on *Beal v. Foster*, 803 F.3d 356 (7th Cir. 2015). In that case, the Seventh Circuit overturned a district court's order finding that verbal harassment directed at a prisoner by a prison guard could not rise to cruel and unusual punishment.

The *Beal* court found that the guard's actions, which included telling the plaintiff to place his penis inside another prisoner but also repeatedly urinating in view of the plaintiff while smiling at him, extended beyond "simple verbal abuse" and was sufficient to state a claim for relief.

However, the *Beal* court also recognized that "[s]imple or complex, most verbal harassment by jail or prison guards does not rise to the level of cruel and unusual punishment." *Beal*, 803 F.3d at 358.

The Tenth Circuit likewise recognizes that there may be a threshold of extreme verbal abuse that violates a prisoner's constitutionally protected rights. *See Alvarez v. Gonzales*, 155 Fed.Appx. 393, 396 (10th Cir. 2005)(citing *Northington v. Jackson*, 973 F.2d 1518, 1524 (10th Cir. 1992))("Mere verbal threats or harassment do not rise to the level of a constitutional violation unless they create 'terror of instant and unexpected death.'")

In *Wherry v. Gunter*, 2016 WL 3676796 (W.D. Okla. July 6, 2016), the U.S. District Court for the Western District of Oklahoma held that verbal abuse addressed to a prisoner, including referring to him as "Itsy Bitsy Teeny Weeny", a term the plaintiff argued was a derogatory term used to identify him as a homosexual prisoner, did not give rise to a claim for relief under the Eighth Amendment. The *Wherry* court stated "limited commentary by prison guards to prisoners has been found not to be objectively sufficiently serious, when unaccompanied by physical conduct, to give rise to an Eighth Amendment violation." *Wherry*, 2016 WL 3676796 at *3.

Here, as in *Wherry*, the verbal abuse of which plaintiff complains consists of remarks to him by a guard on two occasions. Plaintiff does not allege any physical conduct or any serious threat to his immediate

safety, and the Court concludes the dismissal of his case was not in error.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion for reconsideration (Doc. #16) is liberally construed as a motion to alter or amend judgment and is denied.

**IT IS SO ORDERED.**

DATED:  This 12th day of May, 2017, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge